ALLIANCE
DEFENDING
FREEDOM

October 2, 2026

VIA E-FILING

Mr. Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals
for the 10th Circuit
1823 Stout Street
Denver, CO 80257

**Re: *Committee of Five, Inc., d/b/a XX-XY Athletics v. Sullivan, et al.*, No. 26-1103**

Dear Mr. Wolpert,

Under Federal Rule of Appellate Procedure 28(j), I write to inform this Court of supplemental authority.

In a change of course, yet on the same factual record, the district court recently adopted the magistrate judge's recommendation to deny Colorado's motion to dismiss, correctly concluding that XX-XY Athletics has standing. *Defending Education v. Sullivan*, No. 25–CV–01572–RMR–MDB, 2026 WL 2880558, at *8–10 (D. Colo. Sept. 25, 2026). In its motion to dismiss, Colorado presented a factual—not facial—attack on jurisdiction, so the court considered the factual record, not just the pleadings. Recommendation, Dkt.113, at 14.

First, the court adopted the recommendation that XX-XY Athletics' conduct is "more likely than not to give rise to a denial—or perceived denial—of services," and thus arguably violates CADA. 2026 WL 2880558, at *8–9; *accord* Opening.Br.31. The court analogized to *Scott v. Allen* because there, as here, the government did not disavow "any possibility" of prosecution. 2026 WL 2880558, at *8 (quoting *Scott v. Allen*, 153 F.4th 1088, 1097 (10th Cir. 2025)).

Second, the court found that XX-XY Athletics faces a credible threat because "there is a very real possibility that CADA could be enforced against [it]," *id.* at *9; *accord* Opening.Br.30–42; Reply.Br.6–23, despite Colorado's alleged lack of enforcement and supposedly "flexible, multi-factor analysis" for finding a violation, 2026 WL 2880558, at *9.

Third, the court rejected Colorado's ripeness objection because "enforcement of CADA against Plaintiffs is possible," and that threat has "directly impacted their intended conduct." *Id.* at *11; *accord* Reply.Br.26.

The district court recognized it had reached a different credible-threat conclusion when it denied XX-XY Athletics' preliminary-injunction motion. 2026 WL 2880558, at *4. But that "different conclusion" was based on "the strict preliminary injunction test," which the court said "exceeds the burden to survive a motion to dismiss." *Id.*

As XX-XY Athletics has argued here, the district court erred by applying the strict "disfavored injunction" test. Opening.Br.27–29; Reply.Br.3–5. This recent decision proves that mistake cost XX-XY Athletics its preliminary injunction. The Court should reverse and order the entry of that injunction.

Respectfully submitted,

*/s/ Christopher P. Schandevel*
Christopher P. Schandevel
*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

I certify that the body of this letter contains 349 words and complies with Federal Rule of Appellate Procedure 28(j).

*/s/ Christopher P. Schandevel*
Christopher P. Schandevel
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cschandevel@ADFlegal.org
*Counsel for Appellant*

## CERTIFICATE OF SERVICE

I certify that this letter was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit on October 2, 2026, using the appellate CM/ECF system, all participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

*/s/ Christopher P. Schandevel*
Christopher P. Schandevel
ALLIANCE DEFENDING FREEDOM
44180 Riverside Pkwy
Lansdowne, VA 20176
(571) 707-4655
cschandevel@ADFlegal.org
*Counsel for Appellant*